# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned August 9, 2012

## TRACY ROSE BAKER v. JEFFREY D. BAKER

**Appeal from the Chancery Court for Sumner County**
**No. 2008D412      Donald P. Harris, Sr. J.**

---

**No. M2012-00223-COA-R3-CV - Filed August 9, 2012**

---

In this contentious post-divorce dispute, the father has appealed from the trial court's order disposing of numerous issues including visitation and contempt. The order appealed does not, however, address the mother's request for modification of child support, and we therefore dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J.

D. Scott Parsley, Nashville, Tennessee, for the appellant, Jeffrey D. Baker.

William Caldwell Hancock, Nashville, Tennessee, for the appellee, Tracy Rose Baker.

## MEMORANDUM OPINION[1]

The parties were divorced by a final decree entered by the Chancery Court for Sumner County on January 12, 2009. Since that time, the parties have engaged in extensive litigation involving both parties' efforts to modify the parenting plan and to have the other party held in contempt. On January 5, 2012, the trial court entered an order ruling on a litany of

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

motions and petitions filed by both parties. The order addressed both parties' claims regarding visitation and contempt. However, the order also states:

> It has been brought to the attention of the court that the court failed to deal with Ms. Baker's request for modification of child support due to the eldest child having reached 18 years of age and graduated from high school. That issue shall be reserved for future determination by the court if the parties cannot reach an agreement.

The father filed a notice of appeal on January 30, 2012.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

While the trial court ruled that "all other requests for relief filed by either party, *not specifically reserved by the court*, are denied," the issue of child support was specifically reserved for future determination if the parties could not reach an agreement.[2] There is no indication from the record that the parties have reached an agreement or that the trial court has entered an order resolving the issue. Consequently, on May 16, 2012, this court ordered the parties either to obtain a final order from the trial court and cause the same to be transmitted to this court in a certified supplemental record within sixty days or else to show cause why the appeal should not be dismissed. The parties neither obtained a final judgment nor responded to the show cause order. Accordingly, the appeal will be dismissed for lack of a final judgment.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the

---

[2] The trial court also reserved judgment on the mother's Tenn. R. Civ. P. 60 motion for relief from a prior judgment. We agree with the trial court's determination that the trial court had no jurisdiction to rule on the Tenn. R. Civ. P. 60 motion while the mother's appeal of the final judgment was pending, but note that the appeal of the prior judgment has now concluded.

trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to the father and his surety for which execution may issue.

PER CURIAM